# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7440 | DATE | 4/9/2003 |
| CASE TITLE | Stevens vs. UPS, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/14/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 13-1) to dismiss is granted in part and denied in part. We grant the motion to dismiss the ADA accommodation claim, the Title VII accommodation claim, the Section 1981 accommodation claim, and the Section 1983 claim. We deny the motion to dismiss the ADA termination claim. Plaintiff's oral motion for appointment of counsel is denied. All discovery to be completed by August 14, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 10 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERNICE R. STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 7440 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
APR 10 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant United Parcel Service, Inc.'s ("UPS") partial motion to dismiss. For the reasons stated below we grant the motion in part and deny the motion in part.

## BACKGROUND

Plaintiff Vernice Stevens ("Stevens") claims to have injured her back, neck, and head while working for UPS as a package handler in January 1998. She alleges that, because of the work-related injury, she is permanently restricted to lifting no more than twenty pounds. After her injury Stevens was allegedly unable to perform the tasks required of a package handler and she requested that she be assigned to a light duty position. UPS refused to reassign Stevens and terminated her employment in January

2001. Stevens claims that she was not notified of her termination and did not realize that she was terminated by UPS until January 2002. In her complaint Stevens alleges that UPS discriminated against her because of her race in violation of 42 U.S.C. § 2000e *et seq.*("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). She also alleges that UPS terminated her employment and failed to accommodate her alleged disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon

which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases" of his claim. *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Title VII Accommodation Claim

In her complaint Stevens alleges that UPS did not accommodate her alleged disability because of her race and terminated her employment because of her race. In Illinois, if an employee has not filed an EEOC charge within 300 days of alleged discriminatory conduct, a Title VII claim based on that conduct will be time-barred. 42 U.S.C. § 2000e-5(e)(1); *Sharp v. United Airlines*, 236 F.3d 368, 372 (7th Cir. 2001). The limitations period begins to run when: 1) there is an adverse personnel action taken against the plaintiff employee, *Davidson v. Indiana-American Water Works*, 953 F.2d 1058, 1059 (7th Cir. 1992), and 2) the plaintiff employee is aware of the adverse employment action. *Sharp*, 236 F.3d at 372 (stating that the "discovery rule" applies to the accrual of the limitations period). The limitations period can also be equitably

tolled under the doctrines of equitable estoppel and equitable tolling if there are extenuating circumstances. *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 394, 396 (7th Cir. 2000); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-52 (7th Cir. 1990).

UPS argues that Stevens' Title VII claim based on the failure to accommodate Stevens' alleged disability is time-barred because she was denied accommodations for her alleged disability in July 1999 and filed her EEOC charge in May 2002 which is well beyond the 300 day limitations period. We agree. Stevens states in her EEOC charge: "Since on or in July 1999, I have been on medical leave and have requested a reasonable accommodation for light duty to no avail." In her complaint she states that she was put on the inactive list because UPS would not provide her with accommodations, which also indicates that she was denied accommodations beginning in July 1999. Stevens' claim that UPS did not accommodate her alleged disability because of her race is time-barred.

II. ADA Claims

Stevens claims that UPS terminated her employment because of her alleged disability and that UPS failed to provided her with reasonable accommodations. UPS argues that the failure to accommodate claim is time-barred and that Stevens does not have a disability that is protected by the ADA.

A. <u>ADA Accommodation Claim</u>

In Illinois, if an employee has not filed an EEOC charge within 300 days of alleged discriminatory conduct, an ADA claim based on that conduct will be time-barred. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e); *Sharp*, 236 F.3d at 372; *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998) (stating that ADA adopts enforcement procedures of Title VII). Stevens was denied accommodations for her alleged disability in July 1999 and Stevens filed the EEOC charge on May 30, 2002 which is well beyond the 300 day limitations period. We grant the motion to dismiss the ADA accommodation claim.

B. <u>ADA Termination Claim</u>

UPS also argues that all of Stevens' ADA claims should be dismissed because she does not have a "disability" that is protected by the ADA. The scope of the ADA does not encompass every physical and mental discomfort or ailment. *See, e.g., Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 184 (2002). The ADA only protects individuals that have an impairment that falls within the meaning of the term "disability" as it is defined in the ADA and interpreted by the courts. 42 U.S.C. §§ 12112(a), 12102(2)(A); *Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 184-185. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C.

§ 12102(2)(A). For an impairment to fall within the scope of the ADA definition of a disability, the impairment must be "permanent or long term" and the "individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 185. In determining whether an impairment falls within the ADA definition of a disability, the focus must remain on the issue of whether the claimant is "unable to perform the variety of tasks central to most people's daily lives," not whether the claimant is unable to perform the tasks required for the claimant's specific job. *Id.* at 185-86; *Mack v. Great Dane Trailers*, 308 F.3d 776, 780 (7th Cir. 2002). Although there is no exhaustive list of what tasks are central to most people's daily lives, the courts have provided some examples. *See Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 197, 202 (listing as examples: walking, seeing, hearing, doing household chores, bathing, and brushing teeth); *Mack*, 308 F.3d at 781 (listing as examples taking care of one's self and lifting a pencil or toothbrush); *Mays v. Principi*, 301 F.3d 866, 869 (7th Cir. 2002) (suggesting that walking, seeing, reproduction, and the use of an arm would be tasks that are central to most people's daily lives).

In her complaint Stevens asserts that she is permanently unable to lift more than twenty pounds. Stevens is acting *pro se* and used the standard form for employment

discrimination complaints that is provided to *pro se* plaintiffs to assist them in organizing their complaints. Since ADA employment discrimination litigation stems from a plaintiff's inability to perform her job, it is not surprising that a lay person will presume that the relevant information regarding her alleged disability is whether she can perform her job functions. There is no space on the form used by Stevens asking whether or not the plaintiff can do tasks central to most people's daily lives such as brushing her teeth. Stevens is not required to include every relevant fact regarding her case in her complaint, *Higgs*, 286 F.3d at 439, and she indicated in her complaint that she injured her back, neck, and head. Those types of injuries could conceivably affect tasks that are central to most people's daily lives and, since for purposes of this motion we must make all reasonable inferences in her favor, we deny the motion to dismiss the ADA termination claim. We also note that the only Seventh Circuit case cited by UPS in support of its assertion that Stevens is not disabled is *Mays v. Principi*, 301 F.3d 866 (7th Cir. 2002), which involved an appeal of a district court's ruling regarding a motion for summary judgment rather than a motion to dismiss.

III. Section 1981 and Section 1983 Claims

Stevens also alleges that UPS violated Section 1981 and Section 1983. A private actor is not liable under Section 1983 unless the actor acts under color of state law. 42 U.S.C. § 1983; *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). UPS

is not a governmental entity and Stevens does not allege that UPS was acting under color of state law. Therefore, we grant the motion to dismiss the Section 1983 claim.

UPS argues that the Section 1981 accommodation claim is time-barred. The statute of limitations for Stevens' Section 1981 claim is two years. 735 ILCS 5/13-202; *Sanders v. Venture Stores, Inc*, 56 F.3d 771, 775 n.2 (7th Cir. 1995) (stating that "federal civil rights actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred."). Stevens was denied accommodations for her alleged disability in July 1999 and Stevens filed her complaint in October 2002. The motion to dismiss is limited to the Section 1981 accommodation claim and we grant the motion to dismiss on that limited basis.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to dismiss the ADA accommodation claim, the Title VII accommodation claim, the Section 1981 accommodation claim, and the Section 1983 claim. We deny the motion to dismiss the ADA termination claim.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR - 9 2003

-8-